IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| Lynette Mayhew, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>Angmar Medical Holdings, Inc., *d/b/a* Angels Care Home Health<br><br>*Serve at:*<br>Wesly C. Maness<br>2301 Hwy 1187, Suite 203<br>Mansfield, TX 76063<br><br>*Defendant*. | Case No. **18-cv-2365** |

# COMPLAINT

Plaintiff Lynette Mayhew ("Plaintiff"), individually and on behalf of all others similarly situated, for her Complaint against Defendant Angmar Medical Holdings, Inc. *d/b/a* Angels Care Home Health ("Defendant"), states the following:

## NATURE OF THE ACTION

1.  Plaintiff alleges on behalf of herself and all other similarly situated employees of Defendant, pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Action Members"), that they are (i) entitled to unpaid wages including overtime premiums for all hours worked exceeding forty (40) in a workweek, (ii) entitled to unpaid straight time wages for compensable off-the-clock work in weeks which employees' hours exceed 40; and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.,* specifically 29 U.S.C. §§ 207, 216(b).

1

2. Defendant's practice and policy is to willfully fail and refuse to properly pay straight time and overtime compensation due Plaintiff, and all other similarly situated employees, who work in for Defendant.

3. At all times herein pertinent, Defendant's non-exempt employees were and are required to perform work tasks by answering calls from clients—after the end of each shift—without being compensated for the significant amount of compensable time spent on such calls. Doing so denies such non-exempt employees compensation for all work performed and overtime pay and is in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (FLSA).

4. Defendant's practices are in direct violation of the FLSA and Plaintiff seeks compensation for work performed, overtime premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

**JURISDICTION AND VENUE**

5. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions.

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this jurisdiction.

8. The United States District Court for the District of Kansas has personal jurisdiction because Defendant conducts business within this District.

9. Venue is also proper because Defendant requires employees, such as Plaintiff, to

travel throughout the State of Kansas on a regular basis.

10. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendant has substantial business contacts within the District of Kansas.

11. At all relevant times, Defendant has each been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant employed "employee[s]," including Plaintiff Lynette Mayhew, and those persons similarly situated as described herein. At all relevant times, Plaintiff and the other members of the putative classes were engaged in commerce and/or worked for Defendant in an enterprise engaged in commerce. At all relevant times, Defendant had gross annual operating revenue in excess of $500,000.00 (Five Hundred Thousand Dollars).

## PARTIES

12. Defendant Angmar Medical Holdings, Inc. is a Texas Corporation with a principle place of business located at 2301 FM 1187, Ste. 203, Mansfield, TX 76063. Defendant owns and operates multiple subsidiary entities, including but not limited to, E Medical Holdings of Kansas, E Medical Holdings of Kansas No. 4, Angels Care Home Health, and other entities.

13. Defendant is owned in whole or in part by Angela Eddins and/or Mark Eddins.

14. Plaintiff Lynette Mayhew was, at all relevant times, an individual residing in the State of Kansas as an hourly, non-exempt employee. Plaintiff worked for Angmar as an LPN. Others similarly situated for the purposes of this collective and/or class action, also work and/or for Defendant as hourly, non-exempt LPNs.

15. At all relevant times, Defendant employed Plaintiff in Kansas, and Plaintiff was paid on an hourly basis. Plaintiff's Consent to become a Party Plaintiff pursuant to 29 U.S.C.

§ 216(b) is attached hereto as Exhibit A.

## COLLECTIVE ACTION ALLEGATIONS

16. At all relevant times, Plaintiff was employed as an hourly, non-exempt employee while employed by Defendant.

17. Plaintiff Mayhew, individually and on behalf of other similarly situated employees, brings Count I, the FLSA off-the-clock claim, as an opt-in action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following persons:

> All current and former hourly, non-exempt LPNs who worked for Defendant and were not paid for all hours worked, including but not limited to overtime hours at any time during the last three (3) years.

18. Plaintiff, on behalf of herself and all other similarly situated hourly, non-exempt employees, seeks relief on a collective basis challenging Defendant's practice of failing to accurately record work time and pay their employees for all hours worked, including overtime premiums. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential Collective Action Members may easily and quickly be notified of the pendency of this action.

19. Plaintiff is similarly situated to all non-exempt employees who, while subject to the same payroll and workplace policies and procedures, performed compensable duties without receiving compensation, including overtime compensation.

## STATEMENT OF FACTS

20. At all relevant times, Defendant Angmar Medical Holdings, Inc. has been and continues to be an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d)..

21. Plaintiff Mayhew was hired as an hourly, non-exempt employee on or about February 14, 2017. In approximately November, 2017, Plaintiff was transitioned to the LPN

4

role.

22. At all relevant times, Defendant employed Plaintiff as an hourly employee.

23. Plaintiff's job duties routinely required her to work in excess of forty (40) hours per workweek, she was often denied overtime premiums and/or not paid for the entirety of the compensable straight time or overtime hours she worked per workweek.

24. Plaintiff and all similarly situated hourly, non-exempt employees clocked in and out of the company-wide timekeeping system put in place by Defendant.

25. Plaintiff and other similarly situated hourly, non-exempt employees were required to work off the clock. This work occurred before the beginning of their shifts, following the end of their shifts, and during their shifts.

26. As hourly, non-exempt employees, Plaintiff and other similarly situated hourly, non-exempt employees are and were entitled to overtime premiums for hours worked in excess of forty (40) each week. See 29 U.S.C. § 213.

27. The unpaid work time that Defendant required Plaintiff and other similarly situated hourly, non-exempt employees to work off the clock often put Plaintiff and other similarly situated employees at a total number of hours exceeding forty (40) in a workweek.

28. Defendant's policies and practices willfully deny hourly, non-exempt employees overtime pay for all hours worked including hours worked beyond forty (40) in a workweek.

29. Defendant's policies and practices requiring Plaintiff and other similarly situated hourly, non-exempt employees to work off the clock, including pre- and post-shift and during shifts, unlawfully denied them straight-time and overtime pay.

30. Defendant did not compensate Plaintiff and other similarly situated employees for all time spent working, despite clocking in on Defendant's systems.

## **COUNT I—FLSA CLAIM**

31. Plaintiff incorporates the foregoing paragraphs 1 through and including 30 as if fully set forth herein.

32. Plaintiff was employed by the Defendant in the State of Kansas.

33. Plaintiff was required to perform work both before and after her work shift as an integral and indispensable part of the principle activities of performing her job, and/or was required to wait on site or respond to off-the-clock phone calls, which work benefited Defendant. During such times, while performing compensable tasks, Plaintiff was not compensated for such activities.

34. Said work often caused Plaintiff to work in excess of forty (40) hours per week.

35. Plaintiff was not properly compensated for this work at the applicable rate of pay.

36. Plaintiff was treated as non-exempt employee by the Defendant under the FLSA.

37. Defendant employs/employed other non-exempt hourly employees like Plaintiff who are/were required to perform work. All such employees are hereby referred to as "similarly situated" employees, or "putative class members."

38. Said uncompensated work performed before or after shifts, and even during classified "travel time," often caused "similarly situated" employees to work in excess of forty (40) hours per week. Said "similarly situated" employees were not properly compensated for this work at the applicable rate of pay.

39. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours

in a work week.

40. All similarly situated employees working for Defendant are similarly situated in that they all are required to perform work both before and after their work shift as an integral and indispensable part of the principle activities of performing their job, and/or are required work without proper compensation, including overtime pay.

41. All similarly situated employees are similarly situated in that they are all subject to Defendant's same compensation policies and plan that requires these employees to perform work both before and after their shifts as an integral and indispensable part of the principle activities of performing their job and/or to work without proper compensation. In turn, this denies similarly situated employees their minimum wage and/or overtime compensation.

42. All similarly situated employees are similarly situated in that they are all subject to Defendant's same compensation policies and plan that requires the Plaintiff and those similarly situated to his to perform work without compensation.

43. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by Defendant as similarly situated employees within three years from the commencement of this action who have not been compensated for their time, who have not been compensated at the proper minimum wage and/or one and one-half times the regular rate of pay for all services performed in excess of forty hours per week and whose hours worked have not been accurately recorded and maintained by Defendant.

44. This Complaint is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) of the FLSA for all claims asserted by the Plaintiff because her claims are similar to the claims of the putative class members.

45. The names and addresses of the putative class members are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques (including and a form of notice) similar to those customarily used in representative and collective actions.

46. Defendant failed to compensate Plaintiff and the putative class members at a the minimum wage, and/or a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §207(a)(1).

47. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

48. The Plaintiff, on behalf of herself and all similarly situated employees of Defendant who compose the putative class, seek damages in the amount of all respective unpaid minimum wages, and/or unpaid straight time plus overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

49. The Plaintiff, on behalf of herself and all similarly situated employees of Defendant who compose the putative class, seek recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed class members, prays for relief as follows:

    a. Designation of this action as a collective action on behalf of the proposed putative class members and prompt issuance of notice pursuant to 29 U.S.C.

   §216(b) to all putative class members (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. §216(b);

b. Designation of Plaintiff Mayhew as Representative Plaintiff, acting for and on behalf of the putative class members;

c. An award of damages for heretofore unpaid straight and overtime compensation due for the Plaintiff and the putative representative action Plaintiff;

d. Liquidated damages, to be paid by Defendant;

e. Pre-Judgment and Post-Judgment interest, as provided by law;

f. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

Any and all such other and further relief as this Court deems necessary, just and proper.

## Designation of Place of Trial

Plaintiff hereby designates the United States District Court for the District of Kansas at Kansas City, Kansas as the place of trial.

Respectfully submitted,
**HELBERT & ALLEMANG**
**By:**

*/s/ Michael C. Helbert*
MICHAEL C. HELBERT, No. 08646
519 Commercial Street
P. O. Box 921
Emporia, KS 66801-0921
Telephone:     620-343-6500
Fax:                620-343-1734
mhelbert@helbert-allemang.com


**THE HODGSON LAW FIRM, L.L.C.**
**By**:

*/s/ Michael Hodgson*
Michael Hodgson, KS Bar No. 21331
3699 SW Pryor Road
Lee's Summit, MO 64082
Tel: 816.600-0117
Fax: 816.945.2120
*mike@thehodgsonlawfirm.com*

**MOSE LAW LLC**
**BY:**

*/S/ PABLO H. MOSE*
Paul ("Pablo") H. Mose
**Mose Law LLC**
3111 Strong Avenue
Kansas City, KS 66106
O: (913) 432-4484
F:  (913) 432-4464
*Pablo@moselaw.com*

*Attorneys for Plaintiff*