# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LYNNETTE MAYHEW,<br>Individually and on behalf of<br>all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>ANGMAR MEDICAL HOLDINGS, INC.,<br>d/b/a ANGELS CARE HOME HEALTH,<br><br>       Defendant. | Case No.: 18-2365-JWL-KGG |

## **MEMORANDUM & ORDER**

Now before the Court is Plaintiff's Motion to Compel. (Doc. 16.) As discussed below, Plaintiff's motion is **DENIED**.

Plaintiff brings this action for allegedly unpaid and improper wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Defendant generally denies Plaintiff's allegations.

The Initial Scheduling Order in this case (Doc. 11) states:

> Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. **Otherwise, the objection to the default,**

1

> **response, answer, or objection is waived**. *See* D. Kan.
> Rule 37.1(b).

(Doc. 11, at 9 (emphasis added).) The underlying discovery responses were served on December 24, 2018 (Requests for Admission), and December 31, 2018 (Interrogatories and Requests for Production). (Cite.) "D. Kan. Rule 37.1(b) generally 'reflects that the triggering event is service of the response that is the subject of the motion.'" *Cotton v. Costco Wholesale Corp.*, No. 12–2731–JW, 2013 WL 3819974, at *1 (D.Kan. July 24, 2013) (citing *Firestone v. Hawker Beechcraft Int'l Svs. Co.*, No. 10–1404–JWL, 2012 WL 359877, at * 4 (D.Kan. Feb. 2, 2012) (internal citation omitted)).

Pursuant to D. Kan. Rule 37.1(b), any resulting discovery motions should have been filed on or before January 23, 2019, and January 30, 2019. Plaintiff's motion to compel, however, was not filed until February 21, 2019 – 4 weeks after her motion to compel regarding Requests for Admissions would have been due and 3 weeks after the deadline to file any motion regarding the Interrogatories and Requests for Production. (Doc. 16.) Plaintiff did not request an extension of the deadline to file a discovery motion.

Further, Plaintiffs' motion does not provide the Court with a basis for finding "good cause" to extend the time to file the motion, pursuant to D. Kan. Rule 37.1(b). To the contrary, she does not even address the issue. Instead, Plaintiff's counsel acknowledges that the parties were at an "impasse" regarding

the discovery disputes as of January 23, 2019.¹ (Doc. 16, at 4.) While this may have made it difficult for Plaintiff to file a timely motion to compel, she would not have been inhibited from filing a timely motion to extend the time to do so. She simply chose not to. This does not constitute good cause.

That stated, Plaintiff argues that "the Court has discretion to consider and rule on a Motion to Compel filed after that timeframe for good cause under an excusable neglect standard." (Doc. 20, at 2 (citing D. Kan. R. 37.1, ***Digital Ally, Inc. v. Util. Assocs., Inc.***, No. 14-2262-CM-GEB, 2016 WL 1535979, at *2 (D. Kan. Apr. 15, 2016).) Plaintiff's counsel contends their "continued" communication with defense counsel, coupled with giving Defendant "notice of a forthcoming Motion to Compel" within the deadline prescribed by D. Kan. R. 37.1 establishes good cause under the excusable neglect standard.

The Court is not persuaded. Plaintiff "was not free to merely ignore the deadline, ignore the Federal and Local Rules, and file [her] discovery [motion] when it was convenient for [her]." *Cf.* ***Jones v. Easter***, No. 17-3089-EFM-KGG, 2019 WL 398939, at *3 (D. Kan. Jan. 31, 2019) (reaching this conclusion as to a party who failed to file discovery responses within the 30-day deadline of Fed.R.Civ.P. and chose not to file a timely motion requesting an extension to do

---

¹ Also telling is the fact that Plaintiff's counsel did not even send a "golden rule" letter until January 23, 2019, the last day counsel could have filed a timely motion to compel regarding the Requests for Admissions.

3

so); ***Escalante v. Lifepoint Hosp.***, No. 17-2035-JWL-KGG, 2019 WL 1753959, at *2 (D. Kan. April 19, 2019) (entering a protective order prohibiting discovery served four weeks after the time for it to be served so as to be answered in a timely manner where plaintiffs failed to move to extend this deadline, failed to request permission from the Court to conduct the discovery out of time, and provided no valid justification for the failure to do so).

Additionally, in the present matter, "the court cannot conclude through this course of events plaintiff was somehow misled by defendant that [supplemental discovery responses] would be forthcoming." ***Kankam v. University of Kansas Hosp. Auth.***, No. 07-2554-EFM, 2009 WL 211946, at *4 (D. Kan. Jan. 26, 2009). As such, Plaintiff has not established good cause or excusable neglect for failing to file a timely motion to compel or, at a minimum, to file a timely request for an extension of the deadline to do so. Plaintiff's Motion to Compel (Doc. 16) is, thus, **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 16) is **DENIED** as untimely.

IT IS SO ORDERED.

Dated this 23rd day of April, 2019, at Wichita, Kansas.

                                      S/ KENNETH G. GALE
                                      HON. KENNETH G. GALE
                                      U.S. MAGISTRATE JUDGE