## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LYNNETTE MAYHEW,           )
Individually and on behalf of     )
all others similarly situated,     )
                               )
                 Plaintiff,   )
                               )
v.                              )     Case No.: 18-2365-JWL-KGG
                               )
ANGMAR MEDICAL HOLDINGS, INC., )
d/b/a ANGELS CARE HOME HEALTH,   )
                               )
                 Defendant.   )
_____)

## MEMORANDUM & ORDER

Now before the Court is Plaintiff's Motion to Compel.  (Doc. 40.)  After reviewing the submissions of the parties, Plaintiff's motion is **GRANTED in part** and **DENIED in part** as more fully set forth herein.

## FACTUAL BACKGROUND

Plaintiff brings this action for allegedly unpaid and improper wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.  Plaintiff alleges that she

> worked as an hourly, non-exempt LPN from 2017 until the end of her employment.  At all relevant times, Defendant employed Plaintiff as an hourly employee.  Plaintiff alleges that her job duties routinely required her to work in excess of forty (40) hours per workweek, and that she was often denied overtime premiums and/or not

paid for the entirety of the compensable straight time or overtime hours she worked per workweek.

Plaintiff alleges that she (and all similarly situated hourly, non-exempt employees) kept her hours of work using the company-wide timekeeping practices and policies put in place by Defendant. Plaintiff alleges that she and other similarly situated hourly, non-exempt employees were required to work off the clock. This work occurred before the beginning of their shifts, following the end of their shifts, and during their shifts.

As hourly, non-exempt employees, Plaintiff and other similarly situated hourly, nonexempt employees are and were entitled to overtime premiums for hours worked in excess of forty (40) each week. *See* 29 U.S.C. § 213. The unpaid work time that Defendant required Plaintiff and other similarly situated hourly, non-exempt employees to work off the clock often put Plaintiff and other similarly situated employees at a total number of hours exceeding forty (40) in a workweek. Plaintiff alleges that Defendant's policies and practices willfully deny hourly, non-exempt employees overtime pay for all hours worked including hours worked beyond forty (40) in a workweek.

(Doc. 40, at 1-2; *see also generally* Doc. 1.) Plaintiff has plead her case as a collective action and recently filed a brief seeking conditional certification, which is currently pending before the District Court. (Doc. 40, at 10; Doc. 43.)

Defendant generally denies Plaintiff's allegations. Defendant contends that it was never Plaintiff's employer. (Doc. 48, at 2-3.) Rather, according to Defendant, Plaintiff was employed by E Medical Group of Kansas, Inc. and E Medical Group NO. 4, LLC and during that employment, "the named defendant, AngMar Medical Holdings, Inc. provided certain payroll and Human Resources

services to those entities." (*Id*., at 3.) Defendant contends that it "was not plaintiff's employer, and indeed, has not employed any LPNs at any time material hereto." (*Id*.)

Plaintiff alleges that Defendant "owns and operates multiple subsidiary entities, including but not limited to, E Medical Holdings of Kansas, E Medical Holdings of Kansas No. 4, Angels Care Home Health, and other entities." (Doc. 1, at 3.) According to Plaintiff,

> [e]vidence gathered to date indicates that Angmar was a co-employer pursuant to 29 U.S.C. §201, which states that under the FLSA, an 'employer' subject to the Act is defined as 'any person acting directly or indirectly in the interest of an employer in relation to an employee.' Under a Department of Labor ('DOL') regulation interpreting the FLSA, joint employers exist 'where the employee performs work which simultaneously benefits two or more employers.' 29 U.S.C. § 201. A joint employment relationship generally exists in situations: (1) where employers arrange to share the employee's service; (2) where one employer acts in the interest of the other employer in relation to the employee; or (3) where employers are not entirely dissociated with respect to a particular employee and may share control of the employee, either directly or indirectly, because of the fact that one employer is controlled by or under common control with the other employer. To determine the existence of joint employers, courts generally look to whether the alleged joint employers 'exercise[d] significant control over the same employees.' Courts recognize independent entities as joint employers if the entities 'share or co-determine those matters governing the essential terms and conditions of employment.' ***Creech v. P.J. Wichita, L.L.C.***, No. 16-CV-2312-JAR-GEB, 2017 U.S. Dist. LEXIS 33340, at *13-14

(D. Kan. Mar. 8, 2017).  Plaintiff seeks evidence through
this discovery to refute Defendant's assertion that it was not
a Plaintiff's employer.

(Doc. 40, at 2-3.)

At issue are certain requests contained in Plaintiff's second set of written

discovery to Defendant.  In addition to objections based on not being Plaintiff's

employer, Defendant objects that the discovery requests at issue – including

definitions used (or omitted) by Plaintiff therein –  are vague, ambiguous,

confusing, overly broad, unduly burdensome, and not proportional to the needs of

the case.  (Doc. 48, at 4-6.)

## ANALYSIS

### I.      Legal Standard for Motion to Compel.

"Courts are given broad discretion to control and place appropriate limits on

discovery."  *Semsroth v. City of Wichita*, No. 06-2376-KHV-DJW, 2007 WL

2287814, at *1 (D. Kan. Aug. 7, 2007) (citing *Kutilek v. Gannon*, 132 F.R.D. 296,

297 (D. Kan. 1990)) (in context of whether to stay discovery).  Magistrate Judges

are "afforded broad discretion in the resolution of non-dispositive discovery

disputes."  *In re Urethane Antitrust Litig.*, No. 04-1616-JWL, 2014 WL 61799, at

*1 (D. Kan. Jan. 8, 2014) (citing *A/R Roofing, L.L.C. v. Certainteed Corp.*, 2006

WL 3479015, at *3 (D. Kan. Nov. 30, 2006) ) (other internal citations omitted).

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim
> or defense and proportional to the needs of the case,
> considering the importance of the issues at state in the
> action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and
> whether the burden or expense of the proposed discovery
> outweighs its likely benefit.  Information within this
> scope of discovery need not be admissible in evidence to
> be discoverable.

As such, the requested information must be nonprivileged, relevant, and

proportional to the needs of the case to be discoverable.  ***Holick v. Burkhart***, No.

16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

Relevance is "broadly construed" at the discovery stage.  ***Kimberly Young v.***

***Physician Office Partners, Inc.***, No. 18-2481-KHV-TJJ, 2019 WL 4256365, at *1

(D. Kan. Sept. 9, 2019) (citation omitted).  "Relevant information is 'any matter

that bears on, or that reasonably could lead to other matter that could bear on' any

party's claims or defenses."  *Id.* (quoting ***Rowan v. Sunflower Elec. Power Corp.***,

No. 15-cv-9227-JWL-TJJ, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016)

(quoting ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978)).

> When the discovery sought appears relevant, the party
> resisting discovery has the burden to establish the lack of
> relevancy by demonstrating that the requested discovery
> (1) does not come within the scope of relevancy as
> defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such
> marginal relevancy that the potential harm occasioned by
> that discovery would outweigh the ordinary presumption
> in favor of broad disclosure.

*Id.* at \*2 (quoting ***General Elec. Cap. Corp. v. Lear Corp.***, 215 F.R.D. 637, 640 (D. Kan. 2003)).  A party asserting objections as to breadth, burdensomeness, vagueness, and ambiguity has the burden of supporting such objections unless the requests are facially objectionable.  *Id.*, at 3-4.  Within these parameters, the Court will address the various objections raised.

### A. Temporal Objection.

In response to Requests Nos. 2-4, 6, 8-9, 12-13, and 15, Defendant objects that only two years of documents should be produced, rather than the three years requested by Plaintiff.  "Plaintiff requested three years of documents because that is the applicable statute of limitations if a willful violation is found."  (Doc. 40, at 7 (citing 29 U.S.C. 255(a).)  Defendant contends that "[t]he statute of limitations applicable to plaintiff's claims is two years, unless she can prove a willful violation."  (Doc. 40-1, at 2 (citing 29 U.S.C. § 255(a).)  Defendant continues that because "[t]here has been no finding of willfulness with regard to any act by defendant, which did not employ plaintiff," the three year time period is "too long."  (*Id.*)

Regardless of whether the violation is willful or not, the Court finds the temporal limitation proposed by Plaintiff to be appropriate and not overly broad. The Court **overrules** Defendant's temporal objection as to the discovery requests at issue.  Because this is the only objection Defendant raised in response to

Requests Nos. 8, 12, and 13, the Court **GRANTS** Plaintiff's motion as to these requests and **ORDERS** Defendant to produce any and all responsive documents within the three year time frame **within thirty (30) days of the date of this Order**.

## B. Manuals, Policies & Procedures, Handbooks, Training Materials, and Job Descriptions (Requests Nos. 2, 3, and 14).

Document Request No. 2 seeks manuals, policies and procedures, training materials and memos regarding pay policies and timekeeping policies for LPNs, and pay for unscheduled overtime. (Doc. 40-1, at 3.) Request No. 3 asks for the same documents, if not produced in response to Request No. 2, for LPNs working in Kansas. (*Id.*, at 7.) Request No. 14 seeks training manuals and related materials related to the use of Defendant's computer system by LPNs. (*Id.*, at 18.) Defendant objected to producing responsive documents but, as Plaintiff states, "does reference the fact that it produced an employee manual in its initial disclosures." (Doc. 40, at 8.)

Defendant objects that the requests are overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence,[1] irrelevant, not proportional to the needs of the case, and vague and confusing.

---

[1] The Court notes that the "reasonably calculated" standard was replaced by the "relevant" and "proportional to the needs of the case" standard several years ago. *See* Fed.R.Civ.P. 26(b).

(Doc. 40-1, at 5, 8, 18.)  Defendant also contends that it does not understand Plaintiff's use of the term "LPN."  (Doc. 40-1, at 3.)

As to Defendant's overbreadth objection, Plaintiff argues that the Requests "are not overly broad as they seek operations manuals, employee training manuals, manager training manuals, policy and procedures manuals, employee handbooks, manager handbooks, memos, job descriptions and policies regarding LPNs and Defendant's own computer system."  (Doc. 40, at 8.)  The Court agrees that the Requests are not facially overbroad as the relevance of this information to Plaintiff's claims is facially apparent.  This objection is **overruled**.

Defendant next contends that these requests are overly broad because they seek "any and all" documents.  (Doc. 40-1, at 5, 8, 18.)  Plaintiff counters that this "has been addressed by Plaintiff limiting the request to those specific manuals, handbooks, job descriptions and memos."  (Doc. 40, at 8.)

This Court has previously specifically held that while the term "any and all" may be considered an objectionable omnibus term, the term is "not *per se* inappropriate."  ***Chavira v. Packers Sanitation Serv. Inc., Ltd.***, No. 17-2281-HLT-KGG, 2018 WL 5925002, at *8 (D. Kan. Nov. 13, 2018) (quoting ***Blair v. TransAm Trucking, Inc.***, No. 09-2443-EFM-KGG, 2017 WL 402163, at *4 (D. Kan. Jan. 30, 2017).

> Courts in this District have held that a discovery
> request may be facially overly broad if it uses an

'omnibus term' such as 'relating to,' 'pertaining to,' or 'concerning.' *Johnson v. Kraft Foods North America, Inc.*, 238 F.R.D. 648, 658 (D. Kan. 2006) (citing *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) (internal citations omitted)). 'That rule, however, applies only when the omnibus term is used with respect to a general category or broad range of documents.' *Id. See also Sonnino v. University of Kansas Hosp. Authority*, 221 F.R.D. 661, 667 (D. Kan. 2004); *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003).

Courts want to avoid a situation in which a party upon whom discovery is served needs 'either to guess or move through mental gymnastics ... to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.' *Id.* 'When, however, the omnibus phrase modifies a sufficiently specific type of information, document, or event, rather than large or general categories of information or documents, the request will not be deemed objectionable on its face.' *Id.*

*Waters v. Union Pacific Railroad Co.*, No. 15-1287-EFM-KGG, 2016 WL 4479127, at *2 (D. Kan. August 25, 2016) (citing *Union Pacific R. Co. v. Grede Foundries, Inc.*, No. 07-1279-MLB-DWB, 2008 WL 4148591, at *4 (D. Kan. Sept. 3, 2008)). The Court finds that here, as in *Waters* and *Blair*, the omnibus terms used in Plaintiff's Requests 2, 3, and 14 sufficiently modify specifically identified categories of information. As such, Defendant's objection as to the overbreadth of the phrase "any and all" is **overruled**.

Plaintiff argues that "Defendant has made no effort to comply with its duty to provide an evidentiary basis for its undue burden objection." (*Id.*, at 9.) The

Court agrees that Defendant has failed to provide adequate explanation or support as to how these Requests are unduly burdensome.  This objection is **overruled**.

Plaintiff states that Requests 2, 3 and 14 are relevant because she "alleges that Defendant did not properly pay her or other similarly situated LPNs, including for working unscheduled overtime."  (Doc. 40, at 9.)  Defendant contends, however, that it does not understand Plaintiff's use of the term "LPN."  (Doc. 40-1, at 3.)   Plaintiff has defined "LPN" (along with "all  similarly situated, non-exempt employees" and "Plaintiffs") as

> all current and former individuals **employed by Defendant** who were paid on an exempt salary basis as LPNs as described in Interrogatory No. 3, at any time between July 12, 2015[,] and the present, and who worked at the Nevada, Missouri, El Dorado Springs, Missouri, and Stockton, Missouri locations and other locations throughout the United States.

(Doc. 48-2, at 4 (emphasis added).)

While the Court finds this definition to be fairly straight forward, Defendant continues to deny that it ever employed any LPN, including Plaintiff.  (Doc.  48, at 3.)  Plaintiff continues that the Requests

> are relevant to Angmar's asserted defense that it is not Plaintiff's employer and does not employ LPNs. To date, the corporate documents such as manuals that have been produced have all indicated that they were generated and distributed by Angmar and further indicate that Plaintiff, and similarly situated employees, were governed by the same set of rules, policies and procedures generated from Defendant's corporate headquarters in Dallas.  Plaintiff

understands that this is likely an issue Defendant will continue to litigate, including potentially through dispositive motion or in opposition to class certification, and that is exactly why the requested documents should be produced – they are relevant to hotly contested issues in the case.

(Doc. 40, at 9.)

The Court agrees that requested information regarding Plaintiff and other similarly situated individuals is "relevant to hotly contested issues" that go to the very heart of the case. That stated, the Court acknowledges that Defendants contend they never employed Plaintiff and have never employed LPNs. Plaintiff's very own definition of the term "LPN" included in the document requests **defines** LPN as including only "current and former individuals **employed by Defendant**." (Doc. 48-2, at 4 (emphasis added).)

Defendant has asserted throughout the pendency of this case that it has never employed LPNs during the material timeframe. As such, the Court is at a loss to see how Plaintiff can expect Defendant to provide information responsive to these Requests containing the term "LPN" as defined **by Plaintiff** to include only such individuals employed by Defendant. This Court is not reaching a conclusion as to the ultimate issue of whether Defendant did, in fact, "employ" Plaintiff or the other LPNs at issue. Thus, while the Court overrules Defendant's other objections, the verbiage of this definition, taken in conjunction with Defendant's denial of the underlying issue of employing LPNs, precludes Defendant from producing – or

even *possessing* – documents responsive to these document requests. The portion of Plaintiff's motion relating to Requests 2, 3, and 14 is, therefore, **DENIED**.

Plaintiff continues that Defendant has failed to establish why Requests 2, 3, and 14 are not proportional to the case or why they are vague and ambiguous. (Doc. 40, at 9.) Plaintiff also contends that Defendant's argument that the requests are overly broad "because Defendant has more than thirty locations in nine states is not a valid concern." (Doc. 40, at 8.) According to Plaintiff,

> Request No. 2 is limited specifically to time-keeping issues, which is important for class issues, *i.e.*, whether the same policies and procedures apply to all its employees or not. Request No. 3 is specifically limited to Defendant's Kansas locations. Request No. 14 is limited to the computer systems used by Defendant, which necessarily created a log of time in which Plaintiff and others similarly situated were working for Defendant on its computer system. Further, these documents are likely to illustrate the all employees use Defendant's centralized computer system and not individual computer systems.

(Doc. 40, at 8.) Because the Court has determined that Defendant is unable to respond to these Requests as worded, the Court need not address the appropriateness or sufficiency of these remaining objections.

That stated, the Court advises that once the low burden of relevance has been established, "the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request." ***Finley v. City of Colby, Kansas***, No. 17-1215-EFM-KGG, 2019 WL 2342975, at *2 (D. Kan. June 3, 2019)

(citing ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D.

Kan. 2004) (stating that the party resisting a discovery request based on

overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the

burden to support the objections)).  Thus, "the objecting party must specifically

show in its response to the motion to compel, despite the broad and liberal

construction afforded by the federal discovery rules, how each request for

production or interrogatory is objectionable."  ***Sonnino v. University of Kansas***

***Hosp. Authority***, 221 F.R.D. 661, 670–71 (D. Kan. 2004).

  **C. Documents Regarding Timekeeping for Kansas LPNs (Requests Nos. 4, 6 and 15).**

  Requests Nos. 4, 6 and 15 seek documents regarding time keeping and

payroll documents for "the persons employed by Defendant as LPNs at the

locations in which Plaintiff worked" (No. 4), "for the job title or position of LPN

working in the state of Kansas" (No. 6), and referring "to the payment of overtime

by Defendant or any related entities to their LPNs working in Kansas …

addressing in any way the issue of overtime pay" (No. 15).  (Doc. 40-1, at 9, 12,

18.)  Plaintiff argues that "Defendant goes out of its way to say it is confused by

the definition of LPN" and Defendant "clearly knows who was employed as an

LPN at the locations where Plaintiff worked and at the locations in Kansas."  (Doc.

40, at 10.)

As discussed above, regardless of the arguable relevancy of the information requested, Plaintiff's definition of the term LPN makes it impossible for Defendant to respond to the majority of document requests using this term because Defendant contends it did not employ any LPNs.  Request No. 4, for instance, specifically seeks information "for the persons employed by Defendant as LPNs at the locations in which Plaintiff worked."  (Doc. 40-1, at 9.)  This is clearly a Request in which the verbiage of Plaintiff's definition of the term "LPN," taken in conjunction with Defendant's denial of the underlying issue of employing LPNs, precludes Defendant from producing responsive documents.  The portion of Plaintiff's motion relating to Requests Nos. 4, 6, and 15 is, therefore, **DENIED**.

As for Defendant's other objections, the Court **overrules** the objection regarding Plaintiff's use of the phrase "any and all," as discussed above. Defendant also objects that Request No. 6 is overly broad, unduly burdensome, and disproportionate to the needs of the case because she

> has not identified the persons who might have participated in the communication, and the very broad request for every document reflecting any communication about compensation or deductions is so overbroad that it could be read to require extensive investigation by defendant, just to attempt to identify the communicators and to locate each communication about the deduction for an insurance premium, or when someone completed a W-4 form, or when someone added a dependent to their health insurance coverage.

(Doc. 40-1, at 14.)  The Court finds that Defendant has not adequately supported these boilerplate objections and **overrules** the same.  ***Finley v. City of Colby, Kansas***, No. 17-1215-EFM-KGG, 2019 WL 2342975, at *2 (D. Kan. June 3, 2019) (citation omitted); ***Sonnino v. University of Kansas Hosp. Authority***, 221 F.R.D. 661, 670–71 (D. Kan. 2004).

Defendant also objects that Plaintiff has not defined the term "related entities" in Request No. 15.  (Doc. 40-1, at 19.)  While this is true, the Court is comfortable that "related entities" should be taken to mean any of the entities for which Defendant has provided payroll and Human Resources services.  Defendant contends, however, that employing such a definition makes Request No. 15 "overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and is not proportionate to the needs of the case, as the entities for which defendant does provide payroll services number more than thirty and are located in nine different states … and would encompass hundreds of LPNs."  (*Id*., at 19-20.)  Defendant continues that Plaintiff "never worked for most of those entities, having been employed only by E Medical Group of Kansas No. 4, LLC and E Medical Group of Kansas, Inc. within the state of Kansas."  (*Id*., at 20.)

Plaintiff counters that "the request for payroll and time keeping information for other LPNs in Kansas is actually very limited in this context wherein Plaintiff alleges company-wide FLSA violations that impact all LPNs."  (Doc. 40, at 10.)

The Court agrees.  Plaintiff is not seeking this information from all related entities "located in nine different states."  Plaintiff is seeking this information only for LPNs in Kansas.  Defendant's objection is **overruled**.  As discussed above, the Court also **overrules** Defendant's objection to the use of the phrase "all documents."  That stated, Plaintiff's motion is **DENIED** as to Requests Nos. 4, 6, and 15, for the reasons set forth above.

### D.    Audits (Request No. 9).

This Request asked Defendant to produce "documents which reflect any audits on the manner in which Plaintiff and any other employees working in Plaintiffs' [sic] position were compensated…"  (Doc. 40-1, at 16.)  As stated above, the Court **overrules** Defendant's objection as to the three year time frame of this request.

Defendant responded that Plaintiff failed to define the term "audit."  (Doc. 40-1, at 16.)  Defendant continued that "[i]f the term is meant to indicate an audit by any governmental agency, within the two-year period prior to the filing of this lawsuit, defendant has no documents within its possession, custody, or control which are responsive to the request." (*Id.*)

Plaintiff contends that "the Human Resources Director during the time Plaintiff was employed by Defendant testified at deposition about the periodic audits that were performed by Defendant."  (Doc. 40, at 11.)  Plaintiff also

contends that defense counsel "did not express any lack of understanding this word during the meet and confer and indeed said she would check with her client on whether its audits were recorded on paper and could be produced." (*Id.*) Thus, Plaintiff asks "that Defendant be required to produce all documents concerning its audits of LPN time records." (*Id.*)

Defendant responds that

> [a]s is noted in the DOL Compliance Checklist … , provided in defendant's supplemental production, defendant requires its payroll personnel to look for "red flags," such as the same work time and lunch time recorded for every day in the pay period. It directs payroll personnel to look for situations where actual work time is not recorded, with the specific hour and minutes. This type of auditing process is done by a spot check of payroll information, and does not result in a document. According to defendant's personnel, there are no additional documents that pertain to this auditing process.

(Doc. 48, at 25.) Plaintiff does not dispute Defendant's explanation. (*See generally* Doc. 53.) "Defendants cannot be compelled to produce documents they do not possess or that do not exist." ***Hall v. Life Care Cntrs. of Am., Inc.***, No. 16-2729, 2018 WL 1992333, at *5 (D. Kan. April 27, 2018). As such, the Court **DENIES** Plaintiff's motion as it pertains to Request No. 9.

### E. Records of Plaintiff's Access to Defendant's Computer System (Request No. 16).

Request No. 16 asks for "each record of access to Defendant's computer system, by Plaintiff," in native format, "such as log file, network access record, windows events log, or other similar type file, including information as to date and time of access." (Doc. 40-1, at 20-21.) As stated above, the Court **overrules** Defendant's objection as to the three year time frame of this request.

Defendant responds, however, that

> Plaintiff had no access to [its] computer system. When she worked for E Medical Group of Kansas, Inc. and E Medical Group No. 4, LLC, plaintiff entered her time by use of company-issued iPad. When she left her employment, plaintiff wrongfully retained that company-owned equipment, despite repeated efforts to have her return it. As a result, plaintiff has in her possession the native-format information regarding her time entries.

(*Id.*, at 21.) Plaintiff argues that Defendant's response "indicates a lack of understanding of how computer systems work." (Doc. 40, at 11.) Plaintiff states that the information requested would take the form of "a log file, a network access record, a window event log or a document by some other name." (*Id.*) According to Plaintiff, "[t]he purpose of this document(s) sought here is to illustrate when Plaintiff accessed Defendant's computer system and how long she was logged into the system for purposes of comparison to the hours for which she was paid." (*Id.*)

The Court finds Plaintiff's request to be relevant and proportional to the needs of the case. Plaintiff's motion is **GRANTED** as to Request No. 16 and Defendant is instructed to provide any such responsive information.

## F.     Potentially Withheld Documents.

Plaintiff argues that Defendant did not indicate whether documents were being withheld on the basis of its objections.  Plaintiff continues that Fed.R.Civ.P. 34(b)(2)(C) requires an objection to "'state whether any responsive materials are being withheld on the basis of that objection.'"  (Doc. 40, at 12 (quoting Fed.R.Civ.P. 34.)  Plaintiff argues that doing so is "especially important after Defendant made a supplemental production, but did not state which documents went to which requests or provided any guidance on whether it was standing on particular objections."  (*Id.*)  Plaintiff asks the Court to order Defendant "to amend its responses to so-reflect and to identify which documents respond to which requests."  (*Id.*)

Defendant did not address this issue in its response brief.  (*See generally* Doc. 48.)  Regardless, the Court finds Plaintiff's request to be appropriate.  This portion of Plaintiff's motion is **GRANTED**.

## G.     Identity of Other LPNs (Interrogatory No. 3).

This Interrogatory asked Defendant to "[i]dentify all persons employed by Defendant or related entities in the position of LPN" and, as to each person, provide their name, last known address and telephone number and dates of employment.  (Doc. 40-2, at 4.)  Defendant was also instructed to identify who it "contends was the employer of the individual, and why" and indicate "whether

such person was paid any overtime compensation for hours worked in excess of 40 per week." (*Id.*) If such individual was not paid overtime for all hours worked in excess of 40 per week, Defendant was instructed to "state the reason why overtime compensation was not paid to such person." (*Id.*) Finally, Defendant was instructed to "[i]dentify which person worked in the State of Kansas." (*Id.*, at 5.) As discussed above, the Court **overrules** Defendant's temporal objection to the Interrogatory and finds that the three-year period requested by Plaintiff is appropriate.

Defendant again contends that, within the two years prior to the filing of this lawsuit, it has not employed anyone as an LPN. (Doc. 48-3, at 6.) Interrogatory No. 3, however, specifically asks for "all persons employed by Defendant **or related entities** in the position of LPN … ." (*Id.*, at 5 (emphasis added).) Further, unlike Plaintiff's Requests for Production, the Interrogatories do not include the definition of "LPN" that restricted the term LPN to only "current and former individuals **employed by Defendant**." (*Compare* Doc. 48-1, at 2-6 *with* Doc. 48-2, at 4 (emphasis added).)

Defendant objects that Plaintiff has not defined the term "related entities." (Doc. 48-3, at 6.) While this is true, the Court is comfortable that "related entities" should be taken to mean any of the entities for which Defendant has provided payroll and Human Resources services. Defendant concedes that it "provides

certain Human Resources and payroll services" to various other entities. (Doc. 40-1, at 2.) As such, the Court anticipates Defendant has information responsive to this request.

Defendant argues, however, that employing such a definition makes Interrogatory No. 3 "overly broad, vague and confusing, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of the case."[2] (*Id.*) According to Defendant, this is because its "services are available for entities located in nine states, [but] plaintiff only worked in Kansas, for E Medical Group of Kansas, Inc. and E Medical Group of Kansas No. 4, LLC during her employment."

Plaintiff counters that "the request for payroll and time keeping information for other LPNs in Kansas is actually very limited in this context wherein Plaintiff alleges company-wide FLSA violations that impact all LPNs." (Doc. 40, at 10.) The Court agrees. Plaintiff is not seeking this information from all related entities "located in nine different states." Plaintiff is seeking this information only for LPNs in Kansas. Defendant's objection is **overruled**. As discussed above, the Court also **overrules** Defendant's objection to the use of the phrase "all documents." Plaintiff's motion is **GRANTED** as to Interrogatory No. 3.

---

[2] Again, the Federal Rules of Civil Procedure have abandoned the "not reasonably calculated standard" in exchange for the "proportional to the needs of the case" standard. See Fed.R.Civ.P. 26(b).

The Court acknowledges that Defendant has provided a "listing" of certain employees of E Medical Group of Kansas or E Medical Group No. 4 for the relevant time period.  (Doc. 48, at 10.)  Defendant has not, however, provided all of the information requested by Interrogatory No. 3. (Doc. 53, at 4.)  Further, the Court anticipates Defendant has not provided an actual verified, supplemental response to Interrogatory No. 3.  Defendant is instructed to do so.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 40) is **GRANTED in part** and **DENIED in part** as more fully set forth herein. Defendant is **ORDERED** to produce any and all responsive documents **within thirty (30) days** of the date of this Order.

IT IS SO ORDERED.

Dated this 25th day of October, 2019, at Wichita, Kansas.

S/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE