# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Lynette Mayhew,**
**individually and on behalf of**
**all others similarly situated,**

       **Plaintiff,**

v.                                                                           Case No. 18-2365-JWL

**Angmar Medical Holdings, Inc.**
**d/b/a Angels Care Home Health,**

       **Defendant.**

## MEMORANDUM & ORDER

Plaintiff, individually and on behalf of others similarly situated, filed this wage and hour suit against defendant, alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. Specifically, plaintiff, a former employee who worked for defendant as a Licensed Practice Nurse ("LPN"), alleges that defendant failed to compensate its LPNs for off-the-clock tasks such as pre- and post-shift answering of phone calls from clients. This matter is presently before the court on plaintiff's motion for conditional class certification under § 216(b) of the FLSA and for the issuance of court-supervised notice (doc. 43). As set forth in more detail below, the motion is granted in part and denied in part.

*Standard*

Section 216(b) of the Fair Labor Standards Act of 1938 provides for an opt-in collective action where the complaining employees are "similarly situated." 29 U.S.C. § 216(b). The Tenth

Circuit has approved a two-step approach in determining whether plaintiffs are "similarly situated" for purposes of § 216(b). *See Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). Under this approach, a court typically makes an initial "notice stage" determination of whether plaintiffs are "similarly situated." *See id.* at 1102 (citing *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)). That is, the district court determines whether a collective action should be certified for purposes of sending notice of the action to potential class members. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). For conditional certification at the "notice stage," a court "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *See Thiessen*, 267 F.3d at 1102 (quoting *Vaszlavik*, 175 F.R.D. at 678). The standard for certification at the notice stage, then, is a lenient one. *See id.* at 1103. At the conclusion of discovery, the court then revisits the certification issue and makes a second determination (often prompted by a motion to decertify) of whether the plaintiffs are "similarly situated" using a stricter standard. *Id.* at 1102–03. During this "second stage" analysis, a court reviews several factors, including the disparate factual and employment settings of the individual plaintiffs; the various defenses available to defendant which appear to be individual to each plaintiff; and fairness and procedural considerations. *Id.* at 1103.

*Background*

The parties here do not dispute that the court should apply the lenient "notice stage" standard to plaintiff's motion. Thus, the court looks to the "substantial allegations" in plaintiff's complaint as supplemented by the limited discovery conducted by the parties on the conditional

certification issue. As alleged by plaintiff in her complaint, defendant failed to compensate plaintiff and all other hourly, non-exempt LPNs for "off the clock" tasks such as answering post-shift telephone calls from clients without compensation for the time spent on those phone calls. Plaintiff alleges that defendant's uniform compensation policy to deny compensation for such tasks applied to all hourly, non-exempt LPNs. In her deposition, plaintiff expanded on her "off the clock" claims. She testified that LPNs were not paid for any time spent driving to and from different work sites and to and from clients' homes. Jim McAllister, defendant's former director of human resources, testified that LPNs and LVNs are not paid for drive time and that defendant's compensation policies are applied uniformly to all LPNs and LVNs.

*Discussion*

In her collective action complaint, plaintiff asserts that she is bringing the lawsuit on behalf of the following persons:

> All current and former hourly, non-exempt LPNs who worked for Defendant and were not paid for all hours worked, including but not limited to overtime hours at any time during the last three (3) years.

In her motion for conditional certification of this action as a collective action, plaintiff expands the class definition to include current and former Licensed Vocational Nurses ("LVNs") who worked for Defendant and were not paid for all hours worked in the last three years.[1] Plaintiff

---

[1] Because plaintiff's evidence supports expanding the class definition to include LVNs, the court finds that redefining the class is appropriate. *See Edwards v. Multiband Corp.*, 2011 WL 117232, at *5 (D. Minn. 2011) (redefining class in context of certification motion is appropriate when evidence supports modification). Plaintiff's evidence shows that LPNs and LVNs were subject to the same compensation policies and that they performed similar tasks, including driving to and

3

asserts that she is similarly situated to potential opt-in plaintiffs in that all were required to perform post-shift work without compensation (such as answering phone calls from clients) and all were required to drive to and from client visits without compensation. Plaintiff further assert that all potential opt-in plaintiffs were subjected to the same compensation practices uniformly applied by defendant at the corporate level.

Defendant opposes conditional certification of the class. Defendant contends that plaintiff has no evidence of any common plan, practice or policy that violated the FLSA. Essentially, defendant contends that any failure to compensate plaintiff for all hours worked was a result of plaintiff's failure to complete her timesheets. This is a factual dispute that cannot be resolved at this stage. Moreover, plaintiff's evidence is sufficient to show that defendant maintained a corporate policy of not compensating its LPNs and LVNs for time spent driving even when those employees were performing job-related tasks during drive time, such as answering phone calls from clients.

Defendant also contends that plaintiff cannot show that she is similarly situated to anyone without some evidence indicating that other putative class members wish to join this action. The Tenth Circuit has not endorsed this additional notice-stage requirement and the court does not believe that the Circuit would do so if confronted with the issue. *See Courtright v. Board of County Commr's of Payne County*, 2009 WL 1076778, at *3 (W.D. Okla. 2009) (concluding that Tenth Circuit would not require a plaintiff, as a pre-condition to notice-stage certification, to demonstrate that other individuals desire to join the lawsuit); *Torres v. Cache Cache, Ltd*., 2012

---

from clients' homes. Thus, the mere fact that plaintiff was never classified as an LVN does not preclude a finding that plaintiff is similarly situated to LVNs.

4

WL 6652856, at *4 (D. Colo. 2012) (rejecting requirement that other proposed collective action members be identified and finding no authority to support that requirement); *Gonzalez v. Family Dollar Stores, Inc.*, 2005 WL 8163793, at *3 n.3 (D.N.M. 2005) (declining to require plaintiffs to demonstrate that other employees desire to opt in). This argument is flatly rejected.

Relatedly, defendant asserts that plaintiff may not pursue this lawsuit on a collective basis because her deposition testimony demonstrates that her specific claim in this lawsuit is so narrow that no other employee shares her dispute. This argument is based on defendant's characterization of plaintiff's deposition testimony. According to defendant, plaintiff's claim is limited to a complaint that she was not paid for drive time between Emporia, Kansas and Topeka, Kansas over the course of 15 work days in early 2018. But coupled with the complaint, plaintiff's claims in this case are broader than alleged by defendant and are sufficient to include the potential opt-ins described in the class definition.

In short, the court concludes that plaintiff has met her burden to show that this collective action should be certified for purposes of sending notice of the action to potential class members. The court grants conditional certification of a class of LPNs and LVNs who worked for defendant at any time during the last three years.

*Proposed Notice*

In light of the court's conclusion that this action should be conditionally certified for purpose of notifying potential members of the class, the court turns to the form and substance of the notice to potential class members. Toward that end, plaintiff has submitted a proposed notice and a proposed opt-in consent form. Defendant's threshold objection to the notice is that it should

not be distributed until there has been a determination as to whether defendant employed plaintiff or any other LPN or LVN. Curiously, defendant does not suggest that it intends to tee up that issue through the filing of a motion or otherwise indicate how that determination might occur.[2] In any event, the test for conditional certification does not require a court to definitively resolve whether a particular defendant is the plaintiff's employer. *See Contrera v. Langer*, 278 F. Supp. 3d 702, 714-15 (S.D.N.Y. 2017); *Lindberg v. UHS of Lakeside, LLC*, 761 F.Supp.2d 752, 763 n.14 (W.D. Tenn. 2011) (declining to decide integrated enterprise question when considering conditional certification of an FLSA collective action, observing that "[t]he standards are different," and that "Defendants' arguments are better suited to a motion for summary judgment or a motion for decertification"). At this stage, it is sufficient that plaintiff has come forward with some evidence supporting her assertion that she was employed by defendant,[3] including the deposition testimony of Jim McAllister, who was employed as defendant's director of human resources. Mr. McAllister's testimony suggests at this early stage that defendant either jointly employed plaintiff along with one of its subsidiaries or that defendant and its subsidiary operated as an integrated enterprise. This same evidence suggests that defendant employed the LPNs and

---

[2] Defendant includes a "Statement of Facts" in its response to the motion for conditional certification which contains purported facts about defendant's status as an employer and about the related entity that defendant asserts employed plaintiff. Defendant, however, has not suggested that those facts are uncontroverted and does not otherwise purport to marshal the evidence supporting those facts in a way that frames the employer issue for resolution at this juncture. Moreover, the court does not resolve factual disputes in deciding whether to authorize notice of a collective action. *See, e.g., Pena v. Home Care of Denver, LLC*, 2019 WL 5577947, at *1 (D. Colo. 2019).

[3] The court also notes that the FLSA defines an "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

LVNs that plaintiff seeks to include in this lawsuit. The court, then, declines to resolve this issue at this stage.

The court now turns to defendant's remaining objections to the notice. Defendant's objection to the notice because it identifies plaintiff's counsel but not defense counsel is granted as unopposed. Defendant's objection to the notice because it does not warn potential opt-ins of their potential liability for defendant's costs is denied because the proposed notice adequately informs potential opt-ins about this possibility. *See* Doc. 43, Plaintiff's Exh. 12 ¶ 11 ("If the case does not settle and plaintiffs lose at trial, there is a possibility that the court could assess a pro-rated share of Angmar's costs to the plaintiffs as a group."). Defendant's objection to the notice because it does not adequately warn potential opt-ins that if they join the lawsuit they may be deposed, obligated to appear in Kansas, required to submit written discovery responses and compelled to testify at trial is denied because the proposed notice adequately informs potential opt-ins of their obligations without unnecessarily discouraging potential opt-ins from joining the lawsuit. *See id*. ¶ 8 ("From time-to-time, your lawyers will ask you for information and you would need to give that information to them. You may also need to participate in discovery and testify in a deposition. You may also be asked to answer questions from the other attorney prior to trial for part of a day. Should there be a trial, you may be required to testify.").

The parties next dispute whether the notice should advise potential opt-ins that any recovery may be deemed taxable income. Plaintiff asserts that such advice might unfairly suggest that recovery is likely or, conversely, might have a chilling effect on those who might otherwise join the action. As the district court observed in in *Lackie v. U.S. Well Services, LLC*, 2017 WL 395735, at *2 (S.D. Ohio 2017), the few courts that have addressed this issue are split. Plaintiff's

7

argument is based on an opinion from this District wherein the district court held that inclusion of language concerning tax implications was not warranted. *See Lewis v. ASAP Land Exp., Inc.*, 2008 WL 2152049, at *2 (D. Kan. 2008); *accord Abdulina v. Eberl's Temp. Servs., Inc.*, 2015 WL 12550929, at *8 (D. Colo. Apr. 27, 2015) (declining to order the inclusion of a statement about tax implications in light of inability to precisely address tax implications for any given individual). In *Lackie*, the court held that some language was warranted in light of the need to "strike a balance between the potential *in terrorem* effect of the language and the desire to provide putative plaintiffs with sufficient information to allow them to make an informed decision on whether they wish to participate in the subject litigation." 2017 WL 395735, at *2. In that case, the court directed the plaintiffs to include the following language in their notice: "As with all lawsuits seeking money damages, there may be tax implications if you are successful on the merits of your claim. If you have any questions regarding the potential tax consequences of this lawsuit, you should consult with your own tax advisor or accountant." *Id*. The court believes that this approach is a balanced one and is consistent with the court's approach on advising potential opt-ins that court costs may be assessed in the event the claim is not successful. *See Wass v. NPC Int'l, Inc.*, 2011 WL 1118774, at *8 (D. Kan. 2011) (ordering plaintiffs to include in notice language about possibility of assessment of court costs). Plaintiff, then, is directed to include the *Lackie* language in her notice.

Plaintiff's dissemination plan includes the sending of reminder notices to potential opt-ins 30 and 15 days before the opt-in deadline. Defendant asserts that no reminders should be permitted. In the past, this court has sustained objections to the use of "reminder" mailings. *See In re Bank of Am. Wage & Hour Lit.,* 286 F.R.D. 572, 601 (D. Kan. 2012); *Barnwell v. Corrections*

*Corp. of Am.*, 2008 WL 5157476, at *6 (D. Kan. 2008) ("The court believes that the notice itself is adequate to advise potential class members of their right to opt-in as plaintiffs."). More recently, the court has rejected as excessive the use of two reminders during the notice period, but indicated that it was "inclined to conclude that one reminder during the notice period aimed only at those putative class members who have not responded to the notice serves the FLSA's broad remedial purpose." *Nelson v. Firebirds of Overland Park, LLC*, 2018 WL 3023195, at *7 (D. Kan. 2018) (directing the parties to meet and confer on that issue and others). Recognizing that deadline reminders are now fairly commonplace in this context,[4] the court will permit the sending of one reminder notice only to those who have not filed a consent form or indicated that they do not wish to participate. *Chavez v. T&B Management, LLC*, 2018 WL 4398261, at *6 (M.D.N.C. 2018) (reminder notices are commonplace in FLSA context); *Williams v. Movage, Inc.*, 2018 WL 1940435, at *9-10 (S.D.N.Y. 2018) (courts routinely permit a reminder letter to potential opt-ins).

Defendant's final two objections concern plaintiff's use of the case caption on the consent-to-join form and the description of the lawsuit set forth in Paragraph 2 of the proposed notice. These objections are denied without prejudice to reasserting those objections after the parties have had an opportunity to meet and confer in good faith in an attempt to reach agreement on these issues. With respect to the case caption, the court simply notes that parties have routinely included

---

[4] Some courts within the Tenth Circuit continue to reject the use of reminder notices on the grounds that a reminder may improperly suggest the court's endorsement of the plaintiff's claims. *See Bagoue v. Developmental Pathways, Inc.*, 2019 WL 1358842, at *4 (D. Colo. 2019); *Charbonneau v. Mortgage Lenders of Am., LLC*, 2018 WL 6423584, at *4 (D. Kan. 2018) (reminder notice might improperly encourage participation). Because the proposed reminder in this case expressly states that the court "neither encourages or discourages your participation in the lawsuit," those concerns are not present.

the case caption on consent forms, likely for the ease of processing and filing those forms in the correct case. With respect to the description of the lawsuit, the court agrees with defendant that some modification is necessary. To begin with, plaintiff has not identified the "relevant period" of the lawsuit and suggests that any former employee may participate regardless of the three-year limitations period. And as indicated by defendant, the complaint does not allege any state law violations and, accordingly, the notice should not allege any state law violations. Finally, the court agrees that the nature of the lawsuit should be described with more specificity in terms of the types of work that plaintiff alleges was not compensated—*e.g.*, driving time or off-the-clock work. The parties, then, are directed to meet and confer about the form and substance of the notice and, if an agreement is reached, to submit the proposed notice to the court for approval no later than Monday, December 9, 2019. If the parties are unable to reach an agreement, then plaintiff shall file a motion no later than Monday, December 9, 2019 seeking approval of her proposed notice. Defendant shall then file its objections to plaintiff's proposed notice and submit an alternate proposed notice no later than Monday, December 16, 2019.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for conditional certification and for the issuance of court-supervised notice (doc. 43) is **granted in part and denied in part as described herein.**

**IT IS FURTHER ORDERED BY THE COURT THAT** the parties are directed to meet and confer about the form and substance of the notice and, if an agreement is reached, to submit the proposed notice to the court for approval no later than **Monday, December 9, 2019**. If the

parties are unable to reach an agreement, then plaintiff shall file a motion no later than **Monday, December 9, 2019** seeking approval of her proposed notice. Defendant shall then file its objections to plaintiff's proposed notice and submit an alternate proposed notice no later than **Monday, December 16, 2019**.

**IT IS SO ORDERED.**

Dated this 22nd day of November, 2019, at Kansas City, Kansas.

                                                  s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge