purposes of comparison to the hours for which she was paid." (Doc. 59, at 18.) Further, Request No. 16 asks for "each record of access to Defendant's computer system, by Plaintiff, such as …network access record, windows events log, or other similar type file, including information as to date and time of access." (Doc. 40-1, at 20-21.) The information provided by Defendant, which apparently includes only an "Agent Visit Login Time Report" and an "Agent Visit Drive Time Mileage Report," without providing log out times, does not provide Plaintiff with a full representation of a record of Plaintiff's access to Defendant's computer system. As such, the Court finds that Defendant's response is insufficient and thus **GRANTS** Plaintiff's motion as to Issue c., *supra*.

## **RELIEF**

Having granted Plaintiff's motion, the Court now turns to the issue of requested relief. Plaintiff seeks an Order

> finding Defendant in contempt for failing to comply with its Order, requiring Defendant to comply with the Order within ten (10) days and awarding Plaintiff attorney fees in the amount of $1,185 for the time expended since November 25, 2019, to obtain the information that should have been provided on or before that date pursuant to the Order. While Plaintiff's counsel has incurred more time, that sum represents three hours at $395 per hour for communications with Defendant's counsel attempting to avoid the motion, drafting the motion and this reply brief.

(Doc. 75, at 3.)

The Court finds that Plaintiff has supplied justification for the requested relief. Defendant clearly did not comply with the unambiguous directives of the Court's underlying Order, resulting in frustration, prejudice, and additional, unnecessary work for Plaintiff's counsel. Defendant's actions have resulted in undue and unreasonable delay of this litigation.

Even so, the Court does not find a sufficient basis for a finding of contempt in this instance. That stated, the Court <u>does</u> find a sufficient basis for awarding fees pursuant to Fed.R.Civ.P. 37. That rule states, in relevant part that

> [i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

(*Id.* (emphasis added).) *See also* **Torres v. Bodycote Intern., Inc**., No. 13-1245-EFM-KGG, 2014 WL 559070, * 1–2 (D.Kan. Feb.13, 2014); **Kear v. Kohl's Dept.**

11

*Stores, Inc.*, No. 12-1235-JAR-KGG, 2013 W 3088922, *6 (D.Kan. June 18, 2013).

The purpose of sanctions is not merely to reimburse the wronged party or penalize the offending party, but to deter others from engaging in similar conduct. *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, No. 13-2150-CM-KGG, 2014 WL 4386147, *4-5 (D. Kan. Sept. 5, 2014) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)).  "[T]he limit of any sanction award should be that amount reasonably necessary to deter the wrongdoer."  *White v. GMC*, 908 F.2d 675, 685 (10th Cir.1990).

Based on the foregoing analysis, the Court finds that Defendant's continuing position in regard to these discovery disputes – as well as its woefully inadequate attempt to comply with the Court's prior discovery order – is not only unreasonable, but in disregard of the rules and spirit of discovery.  In its responsive brief, Defendant ignores or makes no attempt to respond to several of Plaintiff's contentions regarding Defendant's failures.  Simply stated, Defendants have wholly failed to provide the Court with any – let alone substantial -- justification for their inaction in regard to the discovery and underlying discovery order at issue.  See *Everlast*, 2014 WL 4386147 at *4.

As such, the parties are hereby **ORDERED** to confer regarding Plaintiff's request for $1,185 in attorney's fees. This conference should occur **within ten days of the date of the Order**. The Court notes that Plaintiff did not set forth the amount of fees sought until her reply brief, which denied Defendant the opportunity to respond to the amount of the demand. If the parties fail to reach an agreement on the amount of fees, Plaintiff may file an appropriate motion. Within this context, the Court finds that the amount of time Plaintiff claims to have spent in regard to these issues is reasonable. Defendant is further instructed to comply with this Order and provide the supplemental discovery responses discussed herein **within ten (10) days of the date of this Order**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Show Cause (Doc. 69) is **GRANTED in part** as more fully set forth above.

IT IS SO ORDERED.

Dated this 4th day of March, 2020, at Wichita, Kansas.

                                       s/ KENNETH G. GALE
                                       HON. KENNETH G. GALE
                                       U.S. MAGISTRATE JUDGE