IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Lynette Mayhew,**
**individually and on behalf of**
**all others similarly situated,**

        **Plaintiff,**

v.                                                  Case No. 18-2365-JWL

**Angmar Medical Holdings, Inc.**
**d/b/a Angels Care Home Health,**

        **Defendant.**

**MEMORANDUM & ORDER**

      Plaintiff, individually and on behalf of others similarly situated, filed this wage and hour suit against defendant, alleging that defendant's compensation practices required employees to perform post-shift work without compensation and to drive to and from client visits without compensation in violation of the minimum wage and overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. In November 2019, the court conditionally certified a class of all current and former Licensed Practical Nurses (LPNs) and Licensed Vocational Nurses (LVNs) who worked for defendant at any time during the last three years and who were not paid for all hours worked.

      At that time, defendant objected to the issuance of notice of the collective action until a determination as to whether defendant employed plaintiff or any other LPN or LVN. But defendant did not seek resolution of that issue at that time and did not marshal the evidence in a way that would permit the court to resolve the issue. Thus, because the test for conditional

certification does not require a court to definitively resolve whether a particular defendant is the plaintiff's employer, and because plaintiff came forward with some evidence supporting her assertion that she was employed by defendant, the court proceeded with conditional certification. Now that discovery is near complete, plaintiffs have moved for partial summary judgment on the issue of whether defendant is a "joint employer" of plaintiffs (doc. 114). As explained below, the motion is denied.

Before turning to the pertinent facts, the court first addresses a critical threshold issue that the parties have largely ignored—which party bears the burden of proof on the "employer" issue. In their motion, plaintiffs assert that "one of defendant's primary defenses" is that defendant did not employ plaintiffs. Defendant, in turn, has set forth a summary judgment standard that includes language suggesting that plaintiff does not bear the ultimate burden of persuasion at trial. In its substantive response, however, defendant states that plaintiffs, to prevail on their claim, must "first establish the existence of an employer-employee relationship."

Without question, it is plaintiffs' burden to demonstrate by a preponderance of the evidence that an employer-employee relationship existed during the pertinent pay periods. *See Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 83 (4th Cir. 2016) (FLSA conditions liability on the existence of an employer-employee relationship, and the employee bears the burden of alleging and proving the existence of that relationship); *Johnson v. Heckmann Water Resources (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (in FLSA case, burden on plaintiff to show employment relationship); *Specht v. City of Sioux Falls*, 639 F.3d 814, 819 (8th Cir. 2011) ("Those seeking compensation under the [FLSA] bear the initial burden of proving that an employer-employee relationship exists and that the activities in question constitute employment for purposes

of the Act."); *see also Knitter v. Corvias Mil. Living, LLC*, 758 F.3d 1214, 1225 (10th Cir. 2014) (Title VII plaintiff had burden to prove that the defendant was her employer).  Because plaintiffs bear the burden of proof at trial, plaintiffs' showing on summary judgment "must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015).  In other words, "the evidence in the movant's favor must be so powerful that no reasonable jury would be free to disbelieve it. Anything less should result in denial of summary judgment."  *Id*. at 1154. Under this "more stringent summary judgment standard," plaintiffs "cannot force the nonmoving party to come forward with 'specific facts showing there [is] a genuine issue for trial" merely by pointing to parts of the record that it believes illustrate the absence of a genuine issue of material fact." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008).  Instead, plaintiffs must establish, as a matter of law, all essential elements of the issue before defendant can be obligated to bring forward any specific facts alleged to rebut plaintiffs' case. *Id*.[1]  Utilizing this standard, plaintiffs' motion clearly fails.

*Facts*

In support of their motion, plaintiffs set forth just 17 statements of fact.  While defendant has controverted a handful of these facts in its response, the court relates plaintiffs' facts here in

---

[1] In their motion, plaintiffs direct the court to numerous cases in which courts have entered summary judgment for FLSA plaintiffs on the issue of whether a particular exemption applies. But unlike the issue of whether an employee-employer relationship exists, the issue of whether a particular exemption applies is an affirmative defense and the employer bears the burden of establishing entitlement to an exemption.  *See Scalia v. Paragon Contractors Corp.*, 957 F.3d 1156, 1165 (10th Cir. 2020).  These cases, then, do not tend to show that summary judgment is appropriate in this case.

their entirety and largely verbatim, in part to demonstrate the deficiency of those facts on the sole issue before the court, particularly given plaintiffs' burden on summary judgment in this context.

Defendant is responsible for "services and support" for all of the entities in the Angmar family.[2] Defendant is responsible for employee handbooks, maintaining templates and procedures on how to handle employee complaints, how to deal with employees who have filed claims against entities, counseling managers, employee discipline, payroll, training, employee benefits, employee leave and "many other things." Defendant is responsible for recruitment and retention of employees who "work under the corporate umbrella." Defendant uses online job postings, Facebook and Indeed. This is done at a corporate level. Defendant also employs recruiters to find candidates; is, according to plaintiffs, responsible for employee termination; and is responsible for the payroll functions for each branch.

Defendant employs a management team at the corporate level to manage employee pay. Defendant also decides the rate of pay. For example, "if it's an LVN, they get paid by the visit for such activities like blood pressure checks, in which it is a flat $25.00 payment." At the corporate level, defendant performs background checks on potential employees. Compensation policies are applied uniformly across the LPNs and LVNs at defendant. Human Resources documents developed at the corporate level generally refer to locations as "branches." Defendant also tracks employee licenses through a system called "Nurses, Nurses, Nurses, Nurses." This

---

[2] It appears undisputed that defendant has no ownership interest in any of the health care agencies under what plaintiffs call the "corporate umbrella." According to defendant, defendant provides payroll and human resources services for home health care agencies that contract with defendant for those services.

system tracks when employees' licenses are set to expire, which in turn notifies the branches or agencies of any pending expiration.

The Department of Labor has investigated and fined defendant on at least four separate occasions for failure to pay employees for all hours worked. The largest investigation occurred in 2012-14 and resulted in a fine of $708,918.233. At that time, the Department noted that "Angela Eddins, President/Owner, and Mark Eddins/Vice President/Owner of AngMar Medical Holdings, Inc. meet the definition of Employer under Section 3(d) of the Fair Labor Standards Act of 1938, as amended, in that they oversee and determine policy for the subject entity through their executive staff. The Department further noted that "Mr. Mark Eddins and Mrs. Angela Eddins, the owners, . . . are ultimately responsible for the staffing of the entire enterprise . . . [and] maintain their authority in the hiring, firing of employees."

*Discussion*

Under the FLSA, an "employee" is "any individual employed by an employer," and an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(e)(1), (d). The Supreme Court has described the FLSA's definition of "employer" as "expansive" and has recognized that the definition includes individuals and organizations that have "substantial control of the terms and conditions of the work of . . . employees," as well as joint employers. *See Falk v. Brennan*, 414 U.S. 190, 195 (1973); *see also* 29 C.F.R. § 791.2. Plaintiffs here assert that defendant is a "joint employer" of plaintiffs.

5

According to the Department of Labor regulations interpreting the FLSA, a person is a "joint employer" if that person "is acting directly or indirectly in the interest of the employer in relation to the employee." 29 C.F.R. § 791.2(a)(1). Factors to determine whether a person or entity is a joint employer include whether that person or entity: (1) hires or fires the employee; (2) supervises and controls the employee's work schedule or conditions of employment to a substantial degree; (3) determines the employee's rate and method of payment; and (4) maintains the employee's employment records. *Id*. The regulations also state that "[a]dditional factors may be relevant for determining joint employer status . . ., but only if they are indicia of whether the potential joint employer exercises significant control over the terms and conditions of the employee's work." *Id.* § 791.2(b). In determining joint employer status, no one factor is dispositive; rather, the determination depends "upon the circumstances of the whole activity," *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947), and must be made in light of the situation's "economic reality," *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961) (citations omitted). *See Clyde v. My Buddy the Plumber Heating & Air LLC*, 2021 WL 778532, at *2 (D. Utah Mar. 1, 2021). Although the Tenth Circuit has not adopted the factors set out above for determining joint employer status under the FLSA, the parties agree that these factors represent the pertinent test for joint employer status under the FLSA. *See id.* (utilizing factors listed in DOL regulation for joint-employer status under FLSA and finding further support for doing so in district court cases and cases from other Circuits).

*Hiring and Firing*

6

Plaintiffs boldly stated in their motion that defendant "maintains the power to hire and fire plaintiffs." There is no evidence in the record before the court that defendant hired or fired any plaintiff in this case. Plaintiffs have come forward with evidence that defendant assisted individual health care agencies with recruiting employees, by posting job openings on various social media websites and online recruiting websites and by hiring recruiters to find candidates for agencies. But plaintiffs have offered no evidence that defendant is involved in hiring decisions and, in fact, defendant's evidence, including the affidavit of Teresa Rivera, defendant's Director of Human Resources, supports the conclusion that individual health care agencies and not defendant decide when a position needs to be filled, conduct and manage the interview process, and decide whether and when to extend a job offer to a given candidate.

Plaintiffs also assert that defendant "is responsible for employee termination." Plaintiffs' evidence does not support this assertion. Rather, the evidence suggests that defendant is available to provide coaching and counseling to managers at agencies if a manager wants to talk through a situation involving employment termination. And Ms. Rivera's affidavit is sufficient to permit an inference that termination decisions are often made without any input from defendant and that individual agencies are responsible for identifying situations where discipline or termination is necessary.

To the extent plaintiffs rely on the Department of Labor findings to show that defendant is an "employer" for purposes of the FLSA, those findings are not sufficient to warrant summary judgment in favor of plaintiffs on the joint-employer issue. To begin, the Department's findings stemmed from an investigation that predates the relevant time period in this lawsuit. Moreover, the findings include an express determination that defendant was not a joint employer, but was

part of an integrated enterprise based on its ownership of the home health care agencies. Plaintiffs do not assert in this lawsuit that defendant owned the home health care agencies or that defendant is an employer based on an integrated enterprise theory. On this record, then, the DOL findings do not support the conclusion that defendant jointly employed plaintiffs.[3]

*Conditions of Employment*

The second factor relevant to the joint-employer question is whether the defendant supervises and controls the employee's work schedule or conditions of employment to a substantial degree. In support of their argument as to this factor, plaintiffs rely on a single, isolated excerpt from the deposition testimony of Jim McAllister, defendant's former Director of Human Resources, in which he testified that defendant is responsible for employee handbooks, maintaining templates and procedures on how to handle employee complaints, how to deal with employees who have filed claims against entities, counseling managers, employee discipline, payroll, training, employee benefits, and employee leave. Notably absent from the evidence marshaled by plaintiffs is anything suggesting that defendant is actually responsible for meting out employee discipline or counseling; for scheduling employees' work; for ensuring compliance with provisions of the employee handbook; or for addressing employee complaints. In fact, defendant's evidence supports the conclusion that each individual health care agency is responsible for conducting employee orientation; for scheduling work; and for taking any and all

---

[3] Defendant contends that the DOL's findings constitute inadmissible hearsay. The court declines to reach this issue.

disciplinary actions against employees. Plaintiffs have not established that this factor supports the conclusion that defendant jointly employed plaintiffs.

*Rate and Method of Payment*

Plaintiffs broadly assert that defendant "decides the rate of pay" for plaintiffs and provide the example of the $25.00 flat rate for conducting blood pressure checks. While plaintiffs also contend that defendant "manages employee pay," they do not elaborate on this argument in any respect or offer any other evidence pertinent to this factor. Moreover, defendant has come forward with evidence that each individual health care agency determines the initial wage or salary of new employees, including LPNs and LVNs, and that any subsequent changes to an employee's pay plan is initiated at the agency level. According to defendant's evidence, defendant's only function with respect to pay is to process the payroll after receiving employee timesheets from the agency. Clearly, plaintiffs' evidence on this issue is not "so powerful that no reasonable jury would be free to disbelieve it." *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015).

*Employment Records*

With respect to the last factor, plaintiffs urge only that defendant tracks when nursing licenses are scheduled to expire and notifies the "branches" of pending expirations. Plaintiffs have come forward with no evidence regarding defendant's maintenance of personnel files or any other employment-related records that might bear on the issue of joint employer status. And, in fact, the deposition testimony of Mr. McAllister indicates that personnel files are maintained by each individual home health care agency. On this issue, then, plaintiffs have not come forward

with evidence sufficient for the court to hold that no reasonable trier of fact could find other than for plaintiffs.  *See id*.

*Conclusion*

The limited evidence set forth by plaintiffs is insufficient to satisfy the stringent summary judgment standard that applies in the context of the joint-employer issue and they have not established, as a matter of law, all essential elements of the joint-employer issue.  The motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for partial summary judgment (doc. 114) is denied.

**IT IS SO ORDERED.**

Dated this 17th day of August, 2021, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
